**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**R.O, a Minor, by his parent and guardian JONATHAN OCHSHORN; T.S., a Minor, by his parent and guardian MARK E. SORRELLS; ANDREW M.H. ALEXANDER; HARRY T. STINSON; L.F., a Minor, by her parent and guardian ELIZABETH A. FATTARUSO; A.H., a Minor, by his parent and guardian TERESA HALPERT DESCHANES; BRYAN ELLERBROCK; and P.P., a Minor, by his parent and guardian RAMESH RAJ POKHAREL,**

                **Plaintiffs,**              5:05-CV-695
                                                          (NAM/ATB)

        vs.

**ITHACA CITY SCHOOL DISTRICT; JUDITH C. PASTEL, Superintendent, in her official and individual capacities; WILLIAM RUSSELL, Assistant Superintendent, in his official and individual capacities; and JOSEPH WILSON, Ithaca High School Principal, in his official and individual capacities,**

                **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

Schlather, Geldenhuys, Stumbar & Salk         Raymond M. Schlather, Esq.
200 East Buffalo Street
P.O. Box 353
Ithaca, New York 14851
*Attorney for Plaintiffs*

Lemire Johnson, LLC                               Gregg T. Johnson, Esq.
2534 Route 9
P.O. Box 2485
Malta, New York 12020
*Attorney for Defendants*

**Norman A. Mordue, Senior U.S. District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

In 2005, plaintiffs, eight former Ithaca High School ("IHS") students commenced this action against the Ithaca City School District ("ICSD"), the School's Superintendent, Judith C. Pastel, the Assistant Superintendent, William Russell, and the Principal of IHS, Joseph Wilson (collectively "defendants") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. This action stemmed from defendants' decision to prohibit the publication of a sexually-explicit cartoon in the IHS newspaper, *The Tattler*, and an independent student newspaper, *The March Issue*. In their first, second and third causes of action, plaintiffs claimed that defendants' actions and their application of guidelines implemented in January 2005 ("2005 Guidelines") violated their First and Fourteenth Amendment rights. They sought an award of compensatory damages in connection with these causes of action. In their fourth and fifth causes of action, plaintiffs sought a declaration that the 2005 Guidelines were unconstitutional and an order enjoining defendants from implementing them.

On March 24, 2009, this Court issued a Memorandum-Decision and Order awarding defendants summary judgment on plaintiffs' first, second and third causes of action but denying defendants' motion with regard to plaintiffs' fourth and fifth causes of action. Dkt. No. 52. Subsequently, the Court granted plaintiffs' motion for certification of the partial judgment pursuant to Fed. R. Civ. P. 54(b) (Dkt. No. 69) and plaintiffs appealed. The Second Circuit affirmed. *R.O. ex rel. Ochshorn v. Ithaca City Sch. Dist.*, 645 F.3d 533, 539 (2d Cir. 2011). Presently before the Court is defendants' motion for summary judgment on the remaining causes of action. Dkt. No. 84. Plaintiffs oppose defendants' motion. Dkt. No. 85. As explained below,

the Court concludes that defendants are entitled to summary judgment because the remaining claims are moot.

All named plaintiffs have graduated. According to affidavits from Luvelle Brown, the current Superintendent of Schools of ICSD, and Judith Brown, the former Superintendent, following the Court's 2009 decision, ICSD abolished the 2005 Guidelines and replaced them with a new set of guidelines that tracked the Court's decision ("2009 Guidelines"). On May 14, 2013, the ICSD Board of Education passed a resolution declaring that 2009 Guidelines permanently and completely replace the 2005 Guidelines. The Board further resolved that if any editorial disputes arose that were not clearly resolved by the 2009 Guidelines, the ICSD and administrators would adhere to the ruling and legal principals set forth in the Court's rulings in this action. In the eight years between the commencement of the action and defendants' filing of the present motion for summary judgment, defendants have never used or applied the 2005 Guidelines.

In response, plaintiffs submit an affidavit from their attorney, who argues:

> the actions of defendant Ithaca City School District, including the promulgation of the 2009 Guidelines and the related resolution of May 14, 2013, do not constitute a denunciation of the 2005 Guidelines or other acknowledgment of their constitutional infirmity sufficient to guarantee that the underlying constitutional violations would not recur absent injunctive relief. Indeed, that the 2009 Guidelines suffer from some of the same constitutional flaws as the 2005 guidelines undercuts any claim that the 2005 guidelines have been effectively repudiated.

## DISCUSSION

### Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue with regard to any material fact, and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding a summary judgment motion, the court must

3

"resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

**Mootness**

The Second Circuit has instructed that: "The voluntary cessation of allegedly illegal activities will usually render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Granite State Outdoor Advertising, Inc., v. Town of Orange, Connecticut*, 303 F.3d 450, 451 (2d Cir. 2002) (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996).

Here, according to the affidavits from the present and previous superintendents. ICSD has adhered to the 2009 Guidelines since their enactment. Thus, there is no basis on which to find that the alleged violation, which involved the 2005 Guidelines, will recur. Indeed, plaintiffs present no evidence calling the issue of recurrence into question. Further, in view of the five years that have passed, without incident, since the revision of the guidelines, there is no reason to believe that any "unconstitutional restrictions are currently in place." *Id*. at 452.

Plaintiffs attorney argues that the 2009 Guidelines suffer from the same "vagueness and ambiguity and prior restraint as the 2005 Guidelines -- for example, the Guidelines state that the faculty advisor may refuse to approve 'material that might reasonably be perceived to advocate \*\*\* conduct otherwise inconsistent with the shared values of a civilized social order.'" Schlather Aff., 9, n.2. While plaintiffs' counsel is concerned that the 2009 Guidelines may present new constitutional problems, the Court finds that the ICSD Board sufficiently revised the 2005

4

Guidelines to render moot plaintiffs' claims against them. Accordingly, defendants are entitled to summary judgment dismissing the fourth and fifth causes of action.

## CONCLUSION

For these reasons, it is

**ORDERED** that defendants' motion (Dkt. No. 84) for summary judgment dismissing the fourth and fifth causes of action is granted; and it is further

**ORDERED** that the complaint is dismissed; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment for defendants and close this case.

**IT IS SO ORDERED.**

Date:   October 23, 2014

Norman A. Mordue
Senior U.S. District Judge